**Endorsed Order:**

The matter of sanctions is continued. This Court will await further proceedings before Judge Glenn to ascertain whether, and the extent to which, an award of the sanctions with respect to the chapter 11 before this Court should be made, and the extent to which fees received from or on behalf of the client should be repaid.

Each of Mr. Bodre and Mr. Ozorio is invited to review the attached letter and comment as to whether the fees described in that letter were paid, and whether he believes he received what he expected for that money.

Dated: New York, New York
       March 10, 2015

                                           _s/ Robert E. Gerber_
                                           Honorable Robert E. Gerber
                                           United States Bankruptcy Judge

cc:     Hector Bodre
        Bodre Cut And Color Corporation
        4714 Broadway Store Premises
        New York, NY 10040

        Victor Ozorio
        Vida Cafe, Inc. D/B/A Mamajuana Cafe
        247 Dyckman Street
        New York, NY 10032



**U.S. Department of Justice**

**Office of the United States Trustee**

*Southern District of New York*

201 Varick Street, Room 1006　　　　(212) 510-0500
New York, New York 10014　　　　　　(212) 668-2255 (Fax)

December 16, 2014

Honorable Robert E. Gerber
United States Bankruptcy Court
One Bowling Green
New York, New York  10004

**Re:　Vida Café, Inc., Case No. 14-10415 (REG)
　　　Bodre Cut & Color Corp., Case No. 13-14139 (REG)**

Dear Judge Gerber:

　　　The Court has scheduled a hearing on December 18, 2014 to consider further sanctions against counsel Nestor Rosado.  Similar orders were entered in the cases of Vida Café, Inc. ("Vida") and Bodre Cut & Color Corp. ("Bodre") requiring Nestor Rosado to "file a schedule of all fees paid to him or any one on his behalf or on behalf of the Debtor ('on behalf' being defined broadly in both instances) in the last three years no later than December 15, 2014 at 5:00 p.m." See Bodre Dkt. at 33;  Vida Dkt. at 33.

　　　Rosado failed to file a schedule in either case as required by your orders.  The United States Trustee has reviewed the Bankruptcy Rule 2016 statements of Rosado for Vida and the three bankruptcy cases he filed for Bodre, which show payments as follows:

| Case/Case No. | Date and Dkt. No. for Fee Disclosure | Fees | Expenses |
|---|---|---|---|
| Vida Café, Inc., Case No. 14-10415 (REG) | February 26, 2014, Dkt. No. 1, p. 24 of 30 | $2,287.00 | $1,213.00 |
| Bodre Cut and Color Corp., Case No. 13-14139 (REG) | December 23, 2013, Dkt. No. 1, p. 24 of 30 | $1,161.00 | $1,039.00* |
| Bodre Cut and Color Corp., Case No. 12-13839 (REG) | September 6, 2012, Dkt. No. 1, p. 1 of 30 | $1,661.00 | $1,039.00 |
| Bodre Cut and Color Corp., Case No. 12-10621 (ALG) | February 15, 2013, Dkt. No. 1, p. 1 of 28 | $1,661.00 | $1,039.00 |
| Totals: | | $6,770.00 | $4,330.00 |

---

\* The fees and expenses aggregate $2,200.  However, Rosado inconsistently listed on the same page that he received $3,500 "[p]rior to the filing of this statement. . ."

Honorable Robert E. Gerber
Page 2 of 2
December 16, 2014

_____

      Copies of your orders are attached as Exhibit A hereto.  Copies of the Bankruptcy Rule 2016 statements are attached as Exhibit B hereto.

                                          Respectfully yours,

                                          WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE

                                          By____/s/ Greg M. Zipes_____
                                          Greg M. Zipes
                                          Trial Attorney

Encl.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                       :    Case No. 14-10415 (REG)
In re                                                    :
                                                    :
VIDA CAFÉ, INC.,                        :    (Chapter 11)
                                                    :
               Debtor.          :
                                                  :
----------------------------------------------------------- x

**ORDER: (A) REQUIRING THE APPEARANCE OF NESTOR ROSADO AT A FURTHER HEARING TO SHOW CAUSE WHY HIS FEES SHOULD NOT BE DISGORGED AND OTHER POSSIBLE SANCTIONS SHOULD NOT BE IMPOSED; AND (B) DISMISSING CASE WITH PREJUDICE WITH A BAR TO REFILING FOR A PERIOD OF ONE YEAR**

WHEREAS, the United States Trustee filed a motion to convert or dismiss the case of Vida Café, Inc. (the "Debtor") dated October 24, 2014 ("UST Motion") (Dkt. Nos. 29, 30 and 31); and

WHEREAS, the Debtor did not file an objection to the UST Motion; and

WHEREAS, the Court held a hearing on November 18, 2014 (the "Hearing") on the UST Motion; and

WHEREAS, Greg M. Zipes appeared for the United States Trustee and Jose Luis Ongay appeared on behalf of Nestor Rosado ("Rosado"); and

WHEREAS, at that the Hearing, the Court considered the arguments of the parties; and

WHEREAS, based on the UST Motion and the record taken at the Hearing, the Court has found cause to grant the UST Motion and also to require further information from Rosado and impose possible sanctions on Rosado, including the disgorgement of his fees.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.    Rosado shall show cause before this Court at a further hearing on December 18, 2014 at 9:45 a.m. to consider sanctions against Rosado for his failure to diligently represent the

Debtor, including, but not limited to, his failure to file documents in a timely manner, seek judicial approval for his retention, and appear at the Hearing, and his failure to address the deficiencies as set forth in the UST Motion (the "Sanctions Hearing").

2. Among the sanctions the Court is considering is full disgorgement of all of Rosado's fees in this case.

3. Rosado shall file a schedule of all fees paid to him or any one on his behalf by the Debtor or on behalf of the Debtor ("on behalf" being defined broadly in both instances) in the last three years no later than December 15, 2014 at 5:00 p.m.

4. Effective on December 31, 2014 (the "Effective Date), this case shall be dismissed with prejudice with a bar on the Debtor to refile a Chapter 11 bankruptcy case for a period of one year from the Effective Date.

5. Rosado and his agents ("agents" being defined broadly) shall not represent the Debtor in any further bankruptcy filing.

6. For cause shown, the United States Trustee may request an adjournment of the Effective Date.

Dated: New York, New York
November 20, 2014

                                                  *s/ Robert E. Gerber*
                                                HONORABLE ROBERT E. GERBER
                                                UNITED STATES BANKRUPTCY JUDGE

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: Case No. 13-14139 (REG)
In re :
:
BODRE CUT AND COLOR : (Chapter 11)
CORPORATION, :
:
Debtor. :
:
------------------------------------------------------------x

**ORDER: (A) REQUIRING THE APPEARANCE OF NESTOR ROSADO AT A FURTHER HEARING TO SHOW CAUSE WHY HIS FEES SHOULD NOT BE DISGORGED AND OTHER POSSIBLE SANCTIONS SHOULD NOT BE IMPOSED; AND (B) DISMISSING CASE WITH PREJUDICE WITH A BAR TO REFILING FOR A PERIOD OF ONE YEAR**

WHEREAS, the United States Trustee filed a motion to convert or dismiss the case of Bodre Cut and Color Corporation (the "Debtor") dated October 23, 2014 ("UST Motion") (Dkt. Nos. 30, 31 and 32); and

WHEREAS, the Debtor did not file an objection to the UST Motion; and

WHEREAS, the Court held a hearing on November 18, 2014 (the "Hearing") on the UST Motion; and

WHEREAS, Greg M. Zipes appeared for the United States Trustee, Hector Bodre appeared as president of the Debtor, and Jose Luis Ongay appeared on behalf of Nestor Rosado ("Rosado"); and

WHEREAS, at that the Hearing, the Court considered the arguments of the parties; and

WHEREAS, based on the UST Motion and the record taken at the Hearing, the Court has found cause to grant the UST Motion and also to require further information from Rosado and impose possible sanctions on Rosado, including the disgorgement of his fees.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Rosado shall show cause before this Court at a further hearing on December 18, 2014 at 9:45 a.m. to consider sanctions against Rosado for his failure to diligently represent the Debtor, including, but not limited to, his failure to file documents in a timely manner, seek judicial approval for his retention, and appear at the Hearing, and his failure to address the deficiencies as set forth in the UST Motion (the "Sanctions Hearing").

2. Among the sanctions the Court is considering is full disgorgement of all of Rosado's fees in this case and also in the two prior cases he filed on behalf of the Debtor. According to the UST Motion, the first case (Case No. 12-10621) was dismissed on the United States Trustee's motion after Rosado and the Debtor's representative failed to appear for a status conference. According to the UST Motion, the second case (Case No. 12-13839) was dismissed on the United States Trustee's motion after Rosado failed to file a plan within 300 days of the filing date for this small business case.

3. Rosado shall file a schedule of all fees paid to him or anyone on his behalf by the Debtor or on behalf of the Debtor ("on behlaf" being defined broadly in both instances) in the last three years no later than December 15, 2014 at 5:00 p.m.

4. Effective on December 31, 2014 (the "Effective Date), this case shall be dismissed with prejudice with a bar on the Debtor to refile a Chapter 11 bankruptcy case for a period of one year from the Effective Date.

5. Rosado and his agents ("agents" being defined broadly) shall not represent the Debtor in any further bankruptcy filing.

2

6.    For cause shown, the United States Trustee may request an adjournment of the Effective Date.

Dated: New York, New York
       November 20, 2014

                                        _s/ Robert E. Gerber_
                                        HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT B

United States Bankruptcy Court
Southern District of New York

IN RE:                  Case No. _____

Vida Cafe, Inc., D/B/A Mamajuana Cafe        Chapter **11**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .................................................. $ **3,500.00**

   Prior to the filing of this statement I have received ........................................ $ **3,500.00**

   Balance Due .................................................................................. $ **0.00**

2. The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]
   
   **Filing fee: $1,213; plus Legal fee: $2,287.00 Preparation and review of documents and debts**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 26, 2014**         /s/ _____
Date

Nestor Rosado, Esq.
55 Overlook Terrace Suite 1H
New York,, NY 10033

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

United States Bankruptcy Court
Southern District of New York

IN RE: **Bodre Cut And Color Corporationn**
Debtor(s)

Case No. _____
Chapter **11** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ................................................. $ **3,500.00**
   Prior to the filing of this statement I have received ................................... $ **3,500.00**
   Balance Due ................................................................................................. $ **0.00**

2. The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]
   **Filing fee: $1039; Legal fee: 1,2161.00**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 23, 2013**
Date

**/s/ Nestor Rosado, Esq.**
Nestor Rosado, Esq. NR2198
Nestor Rosado, Esq.
55 Overlook Terrace Suite 1H
New York,, NY 10033

neslaw2@msn.com

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

United States Bankruptcy Court
Southern District of New York

IN RE:                                                         Case No. _____

**Bodre Cut And Color Corporationn**                     Chapter **11**
                      Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................................................... $ **3,000.00**

   Prior to the filing of this statement I have received ........................................................ $ **3,000.00**

   Balance Due ......................................................................................................... $ **0.00**

2. The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]

   **Filing fee: $1039; Legal fee: 1,661.00**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| September 6, 2012 | /s/ Nestor Rosado, Esq. |
|---|---|
| Date | Nestor Rosado, Esq. NR2198 |
| | Nestor Rosado, Esq. |
| | 55 Overlook Terrace Suite 1H |
| | New York,, NY 10033 |
| | (212) 781-4808 Fax: (212) 781-6004 |
| | neslaw2@msn.com |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

United States Bankruptcy Court
Southern District of New York

IN RE:                                                        Case No. _____

Bodre Cut And Color Corporationn                Chapter **11**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .................................................. $ **3,000.00**

   Prior to the filing of this statement I have received ........................................ $ **3,000.00**

   Balance Due .......................................................................................... $ **0.00**

2. The source of the compensation paid to me was: ☑ Debtor   ☐ Other (specify):

3. The source of compensation to be paid to me is: ☐ Debtor   ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]
   **Filing fee: $1039; Legal fee: 1,661.00**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 15, 2012**            **/s/ Nestor Rosado, Esq.**
Date

Nestor Rosado, Esq. NR2198
Nestor Rosado, Esq.
55 Overlook Terrace Suite 1H
New York,, NY 10033
(212) 781-4808 Fax: (212) 781-6004
neslaw2@msn.com

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only